
RECEIVED
IN LAKE CHARLES, LA
APR 26 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES | : | DOCKET NO. 15-cr-113 |
| VERSUS | : | JUDGE MINALDI |
| CAREY WARDELL REED | : | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Before the court is the Magistrate Judge's Report and Recommendation [Rec. Doc. 36], in which it is recommended that this court deny the Motion to Suppress [Rec. Doc. 23] filed by defendant Carey Wardell Reed ("Reed"). After *de novo* review, the court affirms the finding of the Report and Recommendation and will order that the Motion to Suppress be denied.

The court also notes a claim raised for the first time during the Magistrate Judge's hearing on the motion and briefed for the first time in Reed's objections to the Report and Recommendation. Reed had told the officers that he had a loaded gun in the backseat of his vehicle and given them permission to retrieve it.[1] He claims that the discovery of his gloves in the backseat of the vehicle, just a few seconds after an officer had finished retrieving the gun,[2] exceeded the scope of whatever search was allowed.[3]

Even if the justifications for the search fail, the gloves are not subject to suppression. The exclusionary rule of the Fourth Amendment generally prohibits the introduction of unconstitutionally obtained evidence at trial. *United States v. Grosenheider*, 200 F.3d 321, 327

---

[1] Transcript of Mot. Proceedings (Rec. Doc. 40), p. 26.
[2] *See* Ex. 2 (Manual Attachment), 13:20:06–13:20:12.
[3] Transcript (Rec. Doc. 40), pp. 96–97.

(5th Cir. 2000). However, the doctrine of inevitable discovery nullifies the exclusionary rule with respect to otherwise suppressible evidence that would have been inevitably discovered by lawful means. *United States v. Jackson*, 596 F.3d 236, 241 (5th Cir. 2010).

To successfully invoke inevitable discovery, the government must demonstrate by a preponderance of the evidence (1) "a reasonable probability that the contested evidence would have been discovered by lawful means in the absence of the police misconduct" and (2) that "the government was actively pursuing a substantial alternate line of investigation at the time of the constitutional violation." *United States v. Lamas*, 930 F.2d 1099, 1102 (5th Cir. 1991).

Here, as made clear during Lieutenant LeBlanc's testimony, Reed's vehicle was being seized due to its suspected connection with recent armed robberies.[4] The video also shows LeBlanc at the scene, before the gloves were discovered, identifying the vehicle as the one suspected of involvement in the robberies and planning to have the vehicle brought to the police station.[5] Furthermore, the gloves were not even seized until after the vehicle had been transported to the police station and a search warrant was obtained.[6] Thus the government has established that the gloves would have been discovered once the vehicle was searched, either for inventory or pursuant to a search warrant, and that the officers were pursuing that line of investigation before the gloves were sighted. Accordingly, the doctrine of inevitable discovery protects the gloves from suppression.

Lake Charles, Louisiana, this 25 day of April, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[4] Transcript (Rec. Doc. 40), pp. 70–73.
[5] Ex. 2 (Manual Attachment), 13:16:43–13:18:10.
[6] Transcript (Rec. Doc. 40), pp. 29, 65.