# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 6:15CR00113-01 |
| VS. | : | JUDGE MINALDI |
| CAREY WARDELL REED | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the defendant's Motion to Dismiss (Rec. Doc. 42) Counts 2, 4, and 6 of the Indictment. The Government has filed an opposition (Rec. Doc. 46).

## Procedural History

The defendant, Carey Reed ("Reed"), is charged with three (3) counts of violating 18 U.S.C. §1951(a), Interference with Commerce by Robbery. Reed was also charged with one (1) count of violating 18U.S.C.§924(c)(1)(A)(iii), Using, Carrying, Brandishing and Discharging a Firearm During a Crime of Violence, and two (2) counts of violating 18 U.S.C. §§924(c)(1)(A)(ii), Using, Carrying, Brandishing and Discharging a Firearm During a Crime of Violence, with the aforementioned robberies designated as predicate offenses.

## Law and Analysis

The indictment alleges that the underlying crime of violence is "Interference with Commerce by Robbery" ("Hobbs Act robbery"). Reed argues that a Hobbs Act Robbery fails to qualify as a crime of violence and a Hobbs Act robbery (as prescribed by 18 U.S.C.

§1951(b))[1] categorically fails to constitute a crime of violence pursuant to §924(c)(3)(A)(the

force clause)[2] because it can be accomplished by placing one in fear of future injury to person

---

[1]  18 U.S.C. §1951(b)(1) states:
**(b)** As used in this section--
**(1)** The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining. 18 U.S.C.A. § 1951 (West)

[2]  18 U.S.C. §924 (c) states:

**(c)(1)(A)** Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--

**(i)** be sentenced to a term of imprisonment of not less than 5 years;

**(ii)** if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

**(iii)** if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.  18 U.S.C.A. § 924 (West).

Under 924 (c)(3), "crime of violence" is defines as follows:
        **(3)** For purposes of this subsection the term "crime of violence" means an offense that is a felony and--

2

or property, which does not require threat of violent physical force.  Additionally, Reed argues that in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), the "residual clause" within 924(c)(3)(B) is unconstitutionally vague.

Reed argues that a Hobbs Act robbery does not meet the definition of the force clause of 924 (c). To determine whether a predicate offense qualifies as a crime of violence under §924 (c), courts use a categorical approach.  Courts look to the elements of the offense and not the particular facts of the predicate offense. *See Deschamps v. United States,* 133 S.Ct. 2276, 2283 (2013). The Hobbs Act defines robbery as taking property from another, "...by means of actual or threatened force, or violence, or fear of injury, immediate or future...." Therefore, Reed reasons that the plain language of the statute provides that the offense can be accomplished by the act of placing another in fear of injury.  He submits that this action constitutes a threat of injury to another, which does not require the use or threatened use of violent force.

Reed argues that simply putting another in fear of physical injury does not require using violent force.  A Hobbs Act robbery can also be accomplished by placing someone in

---

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.   18 U.S.C.A. § 924 (West).

3

fear of injury to his property. This does not require violent force either. So, Reed argues that since, under this reasoning, a Hobbs Act robbery fails to qualify as a crime of violence under §924 (c)(3)'s force clause, the remaining question is whether the offense can qualify as a crime of violence under §924 (c)(3)'s residual clause which Reed argues it cannot.

The categorical framework requires that this court compare the elements of the predicate offense, a Hobbs Act robbery, with the elements of the generic federal offense, a "crime of violence." The critical question being, does a Hobbs Act robbery meet the definition of a crime of violence?

In *Deschamps* the Supreme Court also recognized that a "modified categorical approach" may apply in circumstances where the predicate offense statute is "divisible," meaning that the relevant statute "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile."*Descamps*, 133 S.Ct. at 2281. In those cases, courts may consult "a limited set of '*Shepard*' documents, such as the charging documents, plea agreements, plea colloquies, jury instructions, and verdict forms, ... to determine which of a statute's alternative elements formed the basis of the prior conviction."*Castro–Vasquez*, 802 F.3d at 35 (citing *Descamps*, 133 S.Ct. at 2283–84) (citing *Shepard v. United States*, 544 U.S. 13, 17, 25–26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)); *United States v. Morales*, 801 F.3d 1, 4–5 (1st Cir.2015) (for divisible statutes, "those providing alternative elements," "limited factual consideration is appropriate to determine under which portion of the statute the offense lies"). The court must

then apply the categorical approach to the relevant elements of the divisible statute, that is, "compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." *Descamps*, 133 S.Ct. at 2281; *see also United States v. Fish*, 758 F.3d 1, 6 (1st Cir.2014). The review of the limited set of documents is thus "a tool for implementing the categorical approach[.]" *Descamps*, 133 S.Ct. at 2284–85. The modified categorical approach "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime." Id. at 2285; *Castro–Vasquez*, 802 F.3d at 35. *United States v. Williams*, No. 2:15 CR 00069 JDL, 2016 WL 1555696, at *3 (D. Me. Apr. 15, 2016).

Thus, the first step in the *Descamps* inquiry is to identify the elements of the predicate offense to determine whether the predicate offense "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," as the generic offense is defined in the "force clause" of § 924(c)(3). *See Descamps*, 133 S.Ct. at 2281. The predicate offense statute's elements must be the same as, or narrower than, the elements of the generic offense. *Id.*; *Williams,* at *5.

In the case at bar, the Hobbs Act statute is divisible because it comprises multiple, alternative versions of one crime. Therefore it requires that application of the modified categorical approach under *Deschamps.*[3] Because robbery is an element under § 1951 and the

---

[3] Sec. 1951 may be violated by committing one of three different acts—robbery, extortion, or committing or threatening physical violence as described in the statute. *See* 18 U.S.C.A. § 1951(a); *see also Scheidler v. Nat'l Org. for Women, Inc.*, 547 U.S. 9, 13, 22–23, 126 S.Ct. 1264, 164 L.Ed.2d 10 (2006). The statute contains separate definitions of robbery and

statute is divisible, the question becomes whether a Hobbs Act robbery qualifies as a "crime of violence" for the purposes of the "force clause," §924 (c)(3)(A).

The Government disagrees with Reed's argument. The Government asserts that the language of §1951(b)(1) has as an element "the use, attempted use, or threatened use of physical force against the person or property of another" and qualifies as a crime of violence under §924 (c)(3)(A).   §924 (c)(3)(A) explicitly includes any threat to "use physical force," which, by definition, is a threat of future action.

Reed alleges that the charged offense is not a crime of violence because it can be committed without the use of violent force. To support this argument, Reed relies upon *United States v. Villegas-Hernandez*, 468 F.3d 874 (5th Cir. 2006). The court in *Villegas-Hernandez* reasoned that a person could be led into traffic without violent force being used. Reed argues that a Hobbs Act robbery can be committed via threats to cause devaluation to economic interests, such as stock holdings. *Villegas-Hernandez* is distinguishable, however,

---

extortion, which in turn set forth different possible forms of commission of robbery and of extortion. *See* 18 U.S.C.A. §§ 1951(b)(1)-(2). As defined, "robbery" and "extortion" describe discrete ways of obtaining property from another. In the case of robbery, the property must be taken or obtained against the will of the victim.*Id.* § 1951(b)(1). In the case of extortion, the property must be obtained with the victim's consent.*Id.* § 1951(b)(2). This material distinction is substantial and represents more than mere alternate means by which an offender may commit the same criminal act. Rather, § 1951 is most logically read as presenting alternate elements by which the offense of "obstruct[ing], delay[ing], or affect[ing] commerce or the movement of any article or commodity in commerce" may be committed. *Id.* § 1951(a); *see also Evans v. United States*, 504 U.S. 255, 112 S.Ct. 1881, 119 L.Ed.2d 57 (1992) (treating the crime of extortion under the Hobbs Act as a discrete offense); *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 123 S.Ct. 1057, 154 L.Ed.2d 991 (2003) (same); *United States v. Williams*, No. 2:15 CR 00069 JDL, 2016 WL 1555696, at *6 (D. Me. Apr. 15, 2016)

because it addresses whether a misdemeanor battery offense could be a crime of violence for enhancement purposes at sentencing under 18 U.S.C. §16.

A similar argument to the argument proffered by Reed was presented to the court in *United States v. Pena*, 2016 WL 690746 (Feb. 11, 2016). In *Pena*, the defendant was indicted for a Hobbs Act Robbery and for brandishing a firearm during a crime of violence, or aiding and abetting the same. The defendant moved to dismiss charge the firearms charge. Count III of the superseding indictment charged Pena with knowingly using or carrying firearms during and in relation to a crime of violence, or possessing firearms in furtherance of a crime of violence, or aiding and abetting the same, and that the firearms were brandished, under 18 U.S.C. § 924(c)(1)(A)(ii) & 2. Pena argued that the indictment failed to state an offense under 18 U.S.C. § 924 (c) because the predicate charge of Hobbs Act robbery (*i.e.,* the crime of violence during which the Government alleges a firearm was carried and brandished) is not a crime of violence. Pena argued that a Hobbs Act robbery is not a crime of violence under the Force Clause. He did not argue that it is not a crime of violence under the Residual Clause, but instead claimed that the Residual Clause is void for vagueness under *Johnson v. United States,* —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) ("*Johnson* (U.S.2015)"). *United States v. Pena*, No. 15 CR 551 (AJN), 2016 WL 690746, at *1 (S.D.N.Y. Feb. 11, 2016).

The district court in *Pena* applied the categorical approach. *United States v. Acosta,* 470 F.3d 132, 135 (2d Cir.2006) (per curiam). In doing so, the court looks for the minimum

conduct to which there is a "realistic probability, not a theoretical possibility" that the statute would be applied. *Gonzales v. Duenas–Alvarez,* 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007); *see Sampathkumar v. Holder,* 573 Fed.Appx. 55, 57 (2d Cir.2014) (applying realistic probability standard to elements test). If the defendant argues for an unusual or counterintuitive application of a statute, the "realistic probability" standard cannot be met through "application of legal imagination" alone. *Duenas–Alvarez,* 549 U.S. at 193, 127 S.Ct. 815. "To show that realistic probability," the defendant must point to a case in which the "courts in fact did apply the statute" in the manner he claims they would. *Id.; Pena* *2.

Ultimately, the court in Pena held that  as a matter of first impression in the Second Circuit, force in phrase "physical force" in criminal statute prohibiting brandishing a firearm during a crime of violence, means power, violence, or pressure directed against a person or thing;   as a matter of first impression in the Second Circuit, "fear of injury" in Hobbs Act Robbery refers to fear of injury from the use of force; and  as a matter of first impression in the Second Circuit, Hobbs Act Robbery is a crime of violence within the meaning of criminal statute prohibiting brandishing a firearm during a crime of violence. *Id.*

Many other courts to reach the issue have found that Hobbs Act robbery falls within the force clause as well. *See, e.g., United States v. Williams,* No. 2:15-CR-00069-JDL, ___ F. Supp. 3d ___, 2016 WL 1555696, at *10 (D. Me. Apr. 15, 2016); *United States v. Morgan,* No. CR 14-20610, 2015 WL 9463975, at *6 (E.D. Mich. Dec. 18, 2015); *United*

*States v. Standberry*, No. 3:15CR102-HEH, ___ F. Supp. 3d ____, 2015 WL 5920008, at *6 (E.D. Va. Oct. 9, 2015).

Reed also suggests that Hobbs Act robbery does not qualify as a crime of violence because it can be accomplished by placing someone in fear of injury to his property. Motion to Dismiss, p.4. §1951 expressly includes in its definition any offense that "has as an element the use, attempted us, or threatened use of physical force against the ...property of another" and includes in the definition of robbery "actual or threatened force, or violence, or fear of injury, immediate or future, to property." Thus, the statutes include any violent act directed at property.

Accordingly, this court concurs with our sister courts and finds that a Hobbs Act robbery falls within the force clause of §924 (c).

Next, Reed argues that §924 (c)(3)(A) or the "residual clause" is unconstitutional in light of the *Johnson* decision. In *Johnson v. United States,* 135 S.Ct 2551 (2015) the Supreme Court held that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is so shapeless and vague that an increased sentence under the clause violates the convicted individual's right to due process. *Johnson,* 135 S.Ct. at 2563. The Court reasoned that two features of the ACCA residual clause made it unconstitutionally vague. *Id.* at 2557. First, it left "grave uncertainty about how to estimate the risk posed by a crime." *Id.* Second, it left "uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2558. *United States v. Litzy,* No. CR 3:15 00021, 2015 WL 5895199, at *6 (S.D.W. Va. Oct. 8, 2015).

Reed argues that *Johnson* applies to parallel crime of violence definition as the one found in §924 (c)(3)'s residual clause.

*Johnson* applies to the ACCA, but §924 (c)(3)(B) is much more narrow than the ACCA. As noted by the government, §924 (c) contains no confusing list of enumerated offenses; it ha been limited to a narrow risk of force during the commission of the offense.

Because this court has found that a Hobbs Act robbery may serve as a predicate crime of violence under the force clause , 18 U.S.C. §924 (c)(3)(A), we need not discuss whether or not the residual clause is unconstitutionally vague.

Lake Charles, Louisiana, this ___ day of May, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE