

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | DOCKET NO. 6:15CR00113-01 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| CAREY WARDELL REED | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a Motion *in Limine* Re Identification (Rec. Doc. 58) filed by the defendant, Carey Reed ("Reed"). The motion was opposed by the Government. (Rec. Doc. 67).

The motion *in limine* is denied for the reasons set forth below.

### FACTS

Carey Reed has been charged with three counts of Hobbs Act Robbery in violation of 18 U.S.C. §1951 and three counts of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(c). The facts pertinent to this motion are as follows.

On May 2, 2014, a robbery occurred at the Tiger Stop #7 in Opelousas, Louisiana. The man was described as a light skinned black male wearing a black hoodie and black pants, with gray and black tennis shoes and a dark bandana and glasses on his face. The suspect had a gun.

On May 10, 2014, Chicken King in Opelousas was robbed. The witnesses said that

the man was a tall black male, wearing a black hoodie, and a bandana around his face and, some witnesses said he wore glasses. The suspect had a gun.

On September 22, 2014, the Family Dollar in Opelousas was robbed. One witness described the man as a dark complected man, wearing a scarf over his face, a muscle shirt, blue jeans and a baseball hat. The suspect had a gun.

The defense submits that they are unaware of any information to indicate that any of the witnesses were ever shown the surveillance, or a photographic or live line-up. Therefore, Scott is opposing any in-court identification of the defendant.

## Law

The Fifth Amendment affords accused individuals due process protection against evidence derived from unreliable identifications. *Moore v. Illinois,* 434 U.S. 220, 227, 98 S.Ct. 458, 464, 54 L.Ed.2d 424 (1977). Determining whether identification and the fruits therefrom must be excluded from evidence requires an examination of two elements. First, the court must determine whether the photographic display was impermissibly suggestive. If it was, the court must proceed to the second inquiry and determine whether the display posed a "very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); *United States v. Honer,* 225 F.3d 549, 552 (5th Cir. 2000). The gravamen of the determination is fairness and reliability. *Manson v. Brathwaite,* 432 U.S. 98, 113–14, 97 S.Ct. 2243, 2252–53, 53 L.Ed.2d 140 (1977); *United States v. Sanchez,* 988 F.2d 1384, 1389 (5th Cir. 1993).

Establishing whether reliability exists requires an evaluation of the totality of the circumstances surrounding the witness' initial observation of the subject and the witness' subsequent

identification of the subject. *Simmons v. United States,* 390 U.S. at 382, 88 S.Ct. at 970; *Dispensa v. Lynaugh,* 847 F.2d 211, 218 (5th Cir.1988). Courts are to review the totality of the circumstances by considering five factors: The witness' opportunity to view the accused at the commission of the crime, the witness' degree of attention to the subject during the commission of the crime, the accuracy of the witness' description of the accused, the degree of certainty exhibited by the witness during the confrontation, and the amount of time which elapsed between the crime and the confrontation. *Neil v. Biggers,* 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972); *United States v. Sanchez,* 988 F.2d 1384, 1389 (5th Cir. 1993).

Arguments

The defendant is opposed to in-court identification of the defendant by any victims/eyewitnesses. The Government asserts that no victims/eyewitnesses will be used for that purpose. Therefore, there is no need for a *Honer* analysis.

The Government does intend to call the defendant's girlfriend at the time of the crime, Danita Seraile ("Seraile"). She was not any eyewitness to any of the robberies, however the Government asserts that she is able to identify Reed from the surveillance footage of the crimes. During each robbery, the perpetrator's voice can be heard. His build, height and complexion can be observed. Seraile is the mother of Reed's only child and was involved in an intimate relationship with him.

An in-court identification is permissible under Federal Rule of Evidence 701(b)[1] only if the "witness has had 'sufficient contact with the defendant to achieve a level of familiarity that renders

---

[1] If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
(a) rationally based on the witness's perception;
(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.
Federal Rules of Evidence Rule 701, 28 U.S.C.A.

the lay opinion helpful.' " *United States v. Beck,* 418 F.3d 1008, 1015 (9th Cir.2005) (quoting *United States v. Henderson,* 241 F.3d 638, 650 (9th Cir.2001)). Because Seraile had extensive contact with Reed prior to the and during the offenses, her in-court identification is admissible.

It has been held that a district court did not commit plain error in bank robbery prosecution in allowing defendant's girlfriend, employer, and friend to testify regarding whether individual depicted in bank surveillance photograph of robbery resembled defendant, since testimony aided defense; girlfriend testified that although defendant could have been individual depicted in picture, she had never seen defendant wear clothes similar to those worn in picture, friend stated he could not identify person in picture, and picture by itself did not identify defendant as robber. *U.S. v. Perry,* C.A.6 (Ohio) 2006, 438 F.3d 642, certiorari denied 126 S.Ct. 2045, 547 U.S. 1139, 164 L.Ed.2d 799, appeal after new sentencing hearing 228 Fed.Appx. 557, 2007 WL 1113264, certiorari denied 128 S.Ct. 147, 552 U.S. 861, 169 L.Ed.2d 100, habeas corpus dismissed 2011 WL 833341.Criminal Law Key Number 1036.1(7); *United States v. Albino Loe,* 747 F.3d 1206, 1211 (9th Cir.), cert. denied, 135 S. Ct. 499, 190 L. Ed. 2d 375 (2014).

Accordingly, the defendant's girlfriend's testimony will not be excluded.

Lake Charles, Louisiana, this 21 day of November, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE