U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED- LAFAYETTE

DEC 22 2016

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.:15-00113-001 |
| VERSUS | JUDGE DOHERTY |
| CAREY WARDELL REED | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

This matter comes before the Court with a unique procedural history. Formally, pending before this Court is " Defendant's Motion to Vacate Stay," [Doc. 91]; an order granting a stay, having been signed on November 10, 2016. [Doc.80]  Thereafter, this matter was re-assigned to this court on December 14, 2017.  Subsequently, Defendant properly filed the "Motion to Vacate" now pending before this Court.  Thereafter, the Government and Defendant filed various documents which will be discussed in greater detail below.

### PROCEDURAL HISTORY

Given the rather tortured procedural history of this matter, the Court will, in relevant part, address the procedural history that brings this matter to this Court.

- On May 28, 2015, the defendant, Carey Wardell Reed, was indicted by the grand jury on three counts of Interference of Commerce by Robbery under 18 USC §1951 and three counts of Using, Carrying, Brandishing or Discharging a Firearm during the Commission of a Felony under 18 USC §92©.

- On June 11, 2015, the defendant initially appeared before the court and waived his right to a detention hearing at that time, as he was in state custody, however, specifically reserved the

right to request a detention hearing in the future. [Doc. 14]

- On November 1, 2016, a "Motion for Detention Hearing" [Doc. 72] was filed by the defendant, once it was discovered the state charges had been dismissed.

- On November 8, 2016, a Detention Hearing [Doc. 68] was held before Magistrate Judge Hanna, whereby, the defendant was released from jail with specific conditions, requiring the defendant be under the custodial control of his mother, that he be placed on electronic monitoring, and that he be subjected to home incarceration - all to be supervised by the Office of Pretrial Services of the Western District Of Louisiana Office of Probation. The Magistrate Judge's "Order Setting Conditions of Release", issued on November 8, 2016 [Doc. 79] specifically restricted the defendant to "24-hour-a-day lock-down at your residence except for medical necessities and court appearance or other activities specifically approved by the court," and provided for electronic monitoring, as well as a third party custodian, the defendant's mother.

- On November 8, 2016, the "Order Setting Conditions of Release" [Doc. 79] was signed.

-On November 10, 2016 the "Order Setting Conditions of Release" [Doc. 79] was entered into the record.

- On November 10, 2016, the Government filed a document entitled "Motion to Stay Magistrate Court's Order of Release". [Doc. 76]

- On November 10, 2016, an order was signed granting the Government's "Motion to Stay" [Doc. 80].[1]

- On November 18, 2016, the Government filed a document entitled "Government's

---

[1]This court notes the order [Doc. 80] preceded any response from the defendant.

Memorandum in Support of Motion to Revoke Order of Release" [Doc. 83]  This Court notes, the record does not reflect any motion was actually filed in conjunction with this memorandum. Rather, only a mention of a motion is contained in the first paragraph of the Government's Memorandum, however, no enumeration of the basis of any such motion was contained in that paragraph.

- On <u>December 13, 2016,</u> a status conference was held before Magistrate Judge Hanna, at the request of the defendant, to discuss the status of the defendant's pretrial incarceration. [Doc. 88][2]

- On <u>December 13, 2016,</u> during that status conference, an oral motion was made by the defendant for "the Government to File More Accurate Pleadings". [Doc. 87]  - The record does not reflect the government responded to this oral motion.

- On <u>December 13, 2016,</u> an order [Doc. 89] was issued by the Article III Judge suggesting the Government's "Memorandum in Support of the Motion to Revoke Supervised Release" [Doc. 83], was in "effect, an appeal of the Magistrate Judge's Order", and ordered the following:

1. The government to request an expedited transcript of the November 8, 2016, hearing before the Magistrate Judge and providing such transcript to the court as expeditiously as possible.

2. The defendant to have seven calendar days to respond from the date of the transcript being filed to file his opposition.

3. The Government to have three calendar days from the filing of the Opposition to file a Reply.

---

[2]"Magistrate Judge Hanna attempted to address the tortured procedurall history early in the process at the status conference held on December 13, 2016. See Minutes of Status Conference [Doc. 88]

- On December 14, 2016, Defendant filed a "Motion to Vacate Stay" [Doc. 91]; this being the motion now properly before the Court.

- On December 14, 2016, the case was re-assigned to Judge Rebecca F. Doherty.[3]

- On December 14, 2016, the transcript of Defendant's Detention hearing held on November 8, 2016 was entered into the record. [Doc. 93]

On December 15, 2016, this Court issued a minute entry, requiring the Government to file their opposition to Defendant's Motion to Stay [Doc. 91] no later than December 19, 2016. [Doc. 94]

On December 19, 2016, the Government filed a document [Doc. 95] entitled, "United States Amended Motion to Revoke Order of Release [Doc.83] and Response to Defendant's Motion to Vacate Stay [Doc. 88]" . This Court notes that neither this filing, nor Defendant's Motion to Vacate is the enumerated document number eighty-eight (88), rather, the defendant's Motion to Vacate the Stay is the enumerated document number ninety-one (91). This Court further notes no actual *Motion to Revoke* exists in the record - merely a memorandum in support of that "motion" and no actual *Motion to Amend*, was filed, or can be found in the record, rather only the noted passing reference to such a motion in the first paragraph(s) of the documents.

On December 20, 2016, Defendant filed a "Memorandum in Support of Motion to Vacate Stay".[Doc. 96]

## ANALYSIS

Notwithstanding the Gordian knot presented by the tortured procedural history and

---

[3] Chief Judge Dee Drell re-assigned this case to Judge Rebecca F. Doherty on December 14, 2016. [Doc. 92]

-4-

posture of this matter, the essence of the arguments made by the Government and the defendant focuses on the Magistrate Judge's "Order of Setting Conditions of Release" on November 8, 2016 [Doc. 79]. Nonetheless, this Court must address the actual procedural vehicle properly before this Court. Defendant filed a "Motion to Vacate Stay [Doc. 91] on December 14, 2016. The Government responded only by way of a document [Doc. 95] entitled, "United States' Amended Motion to Revoke Order of Release [Doc. 83] and response to Defendant's Motion to Vacate Stay [doc. 88]" on December 19, 2016. In this document, the Government presents its argument, notwithstanding the procedural deficiencies and procedural ambiguities inherent in that filling.

Defendant argues the Stay Order [Doc.80] should be vacated primarily because , the "Government's motion contains material omissions which equaled a misrepresentation of the magistrate's ruling and order." [Doc. 91] A review of the relevant filings reveals, primarily the Government's "Motion to Stay", [Doc. 76], which preceded the entry into the record of the Magistrate Judge's Order Setting Conditions of Release [Doc. 79], informs the Court only of the Magistrate's order of a third party custodian, but fails to disclose the further conditions of home incarceration and electronic monitoring. Additionally, the Government's document entitled, 'Government's Memorandum in Support of Motion to Revoke Order of Release' [Doc. 83] - again in support of a motion not found in the record and only mentioned in the first paragraph of the memorandum, filed some <u>eight days later</u> - also, omits, *two of the three specific limitations* imposed by Magistrate Judge Hanna, i.e., home incarceration and electronic monitoring. The Government's "Motion to Stay" [Doc. 76] reads, "...the Magistrate Judge ordered that the defendant be *released to the custody of a third-party custodian*, despite the

nature and seriousness of the offenses charged." The 'Government's Memorandum in Support of Motion to Revoke Order of Release [Doc. 83] (filed 8 days later) reads, "the Government believes the Magistrate Judge was in error in deciding that the presumption that Reed should be detained was overcome by the third party custodian offered by the defendant." [Doc. 83, P. 11]

Defendant asserts the disputed stay might not have been granted had the Government not omitted critical information - i.e., the two other and more restrictive conditions of release. This Court agrees. Magistrate Judge Hanna's conditions of release were three, i.e., Home Incarceration, Electronic Monitoring, the appointment of a third party custodian, knowledge of all three would be critical to any court's evaluation of whether Defendant should or should not be released and should not have been omitted from the information provided to the District Court in the Government's motion to stay. Without this critical information, no court could have made a reasoned and considered determination. The government in it's document [Doc. 95] entitled, "United States' Amended Motion to Revoke Order of Release [Doc. 83] and Response to Defendant's Motion to Vacate Stay [Doc. 88]" subsequently argued that the omission was not deliberate and was the result of the time exigencies inherent in their motion to stay and their concern for public safety. This argument might be more persuasive if the government had not, *some eight days later*, with full opportunity for reasoned and accurate argument, again *omitted the home incarceration and electronic monitoring* imposed by the Magistrate Judge. See: [Doc. 83]. Thus, after eight days to correct their argued inadvertent omission, the government did not do so, rather, the government compounded the omission in their next filing, *omitting two of the three limitations the Magistrate Judge had imposed.* Thus, the government's argument on this point is not supported by the facts and their own subsequent filing and is not persuasive.

This Court, consequently, finds Defendant's "Motion to Vacate Stay" [Doc. 91] is well founded.

However, this does not end the inquiry raised, albeit obliquely, by the various filings noted above., as those filings surround and impact the issue at hand. Thus, this Court turns it's attention to the Document entitled, "Government's Memorandum in Support of Motion to Revoke Order of Release" [Doc. 83] . As noted above, no actual "Motion to Revoke Order of Release" is found in the record, rather only a passing reference in paragraph one of the document entitled, "Government's *Memorandum in Support of Motion* to Revoke Order of Release" [Doc. 83] (emphasis added) declaring it to be a motion, but giving no basis for the referenced motion. Although, the first paragraph of the above Government's Memorandum [Doc. 83] might suggest a motion and memo filed jointly, such a filing would be procedurally deficient. Even if the Court were to accept this suggestion, no basis for the motion is plead, rather, merely a memorandum allegedly supporting a motion not filed exists. Perhaps, the unique procedural nature of this document explains why the defendant filed no response to any such "motion" - because no motion was properly filed. However, this Court notes that Defendant in his "Memorandum in Support of Motion to Vacate Stay" [Doc. 96, P4] does make passing reference to "...the Government's Appeal of the Magistrate Order..." However, the record does not reflect a formal appeal has in fact been filed by the government, as well, although there is a passing reference in the Court Order [Doc. 89] which reads, "The Government's Memorandum in Support of the Motion to Revoke Supervised Release" [83] which is, in effect, an appeal of the Magistrate Judge's Order". This Court has serious question whether, procedurally, the "Government's Memorandum in Support of Motion to Revoke Order of Release" [Doc. 83] can

be judged a formal motion of any kind or of an appeal. Nonetheless, this Court notes the defendant in his "Memorandum in Support of Motion to Vacate Stay" [Doc. 96, P. 4] perhaps addresses the hybrid filing when defendant declares no additional evidence would be required to determine, "an appeal". Consequently, this Court notes, the parties do appear to be, in effect, addressing the Magistrate's ruling.

Consequently, as both parties focus on the substance of the Magistrate's ruling in their filings surrounding the defendant's Motion to Vacate Stay [Doc. 91], this court will address the substance of the Magistrate's ruling at this time. Inherent within the motion to vacate the stay is not only the basis for the stay, but also, the underlying order having been stated. Thus, a review of the Magistrate Judge's ruling is required .

A United States District Judge reviews de novo a decision regarding pretrial detention in accordance with 18 U.S.C. §3145. When undertaking a de novo review, the district court makes an independent determination of the proper pretrial detention or conditions of release. *United States vs. Fortna*, 769 F. 2d 243, 249 (5th Cir. 1985). Pursuant to the provisions of the Bail Reform Act of 1985, 18 U.S.C. §3142, a defendant must be released pending trial, "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community"18 U.S.C. §3142(b). If there is probable cause to believe that the defendant violated an offense under section 924©, then there is a rebutable presumption that "no condition or combination of conditions will reasonably assure the safety of any other person and the community..." 18 U.S.C. §3142(f)

The Government argues [Doc. 95, P. 6] that the nature and circumstances of the offenses

charged and the weight of the evidence, weigh most heavily in favor of detention. This Court notes Magistrate Hanna considered each factor required for a thorough analysis under the law and existing jurisprudence and considered factors, such as the fact that the defendant had no prior criminal history, an extensive positive work history, and close familial ties, and determined the balance at that point was a tie. [Doc. 93, Pgs. 54-55] Magistrate Judge Hanna then considered the defendant's due process rights as required by the Fifth Circuit in *United States v. William Bruce Hare*, 873 F. 2d 795 (5th Cir. 1989), as this is a matter of *pre-trial* release, the 5th Circuit in *Hare,* stated "Like other circuits, we find that the due-process limit on the duration of preventive detention requires assessment on a case-by-case basis, for the clause establishes no specific limit on the length of pretrial confinement. In determining whether due process has been violated, a court must consider not only relevant in the initial detention decision, such as the seriousness of the charges, the strength of the government's proof that the defendant poses a risk of flight or a danger to the community, and the strength of the government's case on the merits, but also additional factors such as the length of the detention that has in fact occurred or may occur in the future, the non-speculative nature of future detention, the complexity of the case, and whether the strategy of one side or the other occasions the delay." *Id*. At 801. Magistrate Judge Hanna considered the factors cited in *Hare* in addition to the factors required by 18 U.S.C. 1342(g) as applied to this defendant, including the fact the defendant had been in custody in *excess of 16 months* at the time of the hearing and determined in this particular case, the defendant had sufficiently rebutted the presumption that there were no conditions or combination of conditions available to reasonably assure the appearance of the defendant and the safety of the

community as required. 18 U.S.C. §3142(e). [4]

The Government, however, argues to this court that Defendant's mother and sister would be unable to adequately supervise the defendant because of the mother's work schedule and sister's residence being in Texas. The transcript of the hearing indicates this issue was raised at the detention hearing and that Magistrate Hanna shared the Government's concern. [Doc. 93, P. 29-30] However, Magistrate Judge Hanna addressed this issue and determined that the additional safeguards of *home incarceration* and *electronic monitoring* would, thus, be necessary, as a condition of the defendant's release *in addition to the supervision of the defendant's mother*, and so ordered.[5] It was these two additional restrictions that the Government omitted from it's Motion to Stay [Doc. 76] and subsequent "Government's Memorandum in Support of Motion to Revoke Order of Release".[Doc. 83]

This Court finds the government's omissions fatal to it's motion to stay and all subsequent filings surrounding that issue up to, but not including, the response filed in response to the minute entry issued by this Court on December 15, 2016 [Doc. 94], to be procedurally deficient, as well as, substantively unpersuasive, as further explained below.

This Court finds the Magistrate Judge's hearing to have been thorough and to have adequately addressed the requirements of law and concerns of safety and of possible flight and hereby adopts and incorporates, herein, that ruling and reasons given, particularly pages 52-58

---

[4] Defendant was originally in state custody for the same alleged offense, only after the date the state charges were dismissed did Defendant request a detention hearing as to the Federal charges.

[5] See attached transcript of Defendant's Detention Hearing [Doc. 93] of November 8, 2016, in particular pages, 55 to 58.

[Doc. 93]. The Government in it's most recent "memorandum" [Doc. 95] now argues the two additional special conditions of home incarceration and electronic monitoring, also, will not assure the safety of the community, because of the limitations of technology and lag time in notification. This is not an argument without merit, however, it is an argument not raised at the hearing, nor one persuasive in light of Defendant's subsequent conduct. The Court finds it significant that the defendant was, in fact, released to home incarceration, with electronic monitoring and the custody of a third party custodian on November 9, 2016; thus, he was out of custody and operating under the conditions of his release as of November 9, 2016. The Defendant was notified on November 10, 2016 of the Motion to Stay; and *self surrendered* to the U. S. Marshall's Service, as requested on November 14, 2016. It bears notice, that the defendant was out of custody, operating under the conditions imposed, and the record shows no indication he was not fully compliant, and upon notice, the defendant chose to voluntarily self surrender even when flight might have seemed preferable to him at the time. It would seem that if the government's present argument were to be accepted, the defendant had the perfect opportunity to act in the manner the government argues, and yet, he did not. The defendant voluntarily surrendered and did not flee, nor did he engage in additional criminal conduct while released as the Government's argument implies. Consequently, this Court finds that, in this particular case, Defendant's conduct while released and his act of voluntary surrender counterbalances the government's new argument.

Therefore, after careful review of the record, the transcript of the detention hearing, and all briefing submitted, and for the reasons noted above, this Court finds Magistrate Judge Hanna's decision was well founded, specifically followed the criteria established by the Bail

Reform Act of 1985 and considered the defendant's due process rights as required by the Fifth Circuit Court of Appeals in *Hare*, supra, in determining the defendant had rebutted the presumption that there were no conditions or combination of conditions available to reasonably assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. §3142(e)  It is not lost on this Court that the Magistrate Judge's decision was one that required careful consideration of not only the need to protect the well being and safety of the community, but also due process rights.  However, this a matter of *pre-trial detention* and one cannot lose sight of the fact that in our system of justice, a defendant is presumed innocent until proven guilty.  Thus, This Court finds Magistrate Judge Hanna carefully crafted an order of release with the most stringent conditions available under the facts presented in order to protect the safety and well being of the public and against Defendant fleeing. [Doc.79] This Court cannot find that determination was an error. [6]

Consequently,

This court **GRANTS** Defendant's Motion to Vacate [Doc. 91];

To the extent the Government's document entitled "Government's Memorandum in Support of Motion to Revoke Order of Release" [Doc. 83] , can be deemed a validly filed motion to revoke, - which this Court does not , this Court notes it would **DENY** the filing for being procedurally deficient, as well as for being substantively unpersuasive as noted above.

To the extent the Government's document [Doc. 95] entitled, "United States Amended

---

[6]: This Court is aware of the status conference minutes [Doc. 88] where the magistrate references certain other concerns reflected in the government's conduct and filings.  However, any such issues is/are not at present directly before this Court; consequently, this Court makes no determination as to those concerns.

Motion to Revoke Order of Release [doc. 83] and Response to Defendant's Motion to Vacate Stay [Doc. 88] could be deemed a validly filed motion to revoke - which this Court does not,, this Court notes it would **DENY** said "motion" as being procedurally deficient, as well as, being substantively unpersuasive as noted above.

Consequently, as the Stay Order of November 10, 2016 [Doc. 80] is vacated; Defendant is ordered released immediately, under the same conditions imposed by Magistrate Judge Hanna in the "Order Setting conditions of Release" [doc. 79]; this Court instructs the United States Marshal, with the assistance of the United States Probation Office, to facilitate the release of the defendant prior to December 25, 2016.

For all of the reasons stated herein,

It is **ORDERED** that Defendant's Motion to Vacate [Doc. #91] is **GRANTED**.

It is **ORDERED** that any relief which might have been requested in the Government's Memorandum in Support of Motion to Revoke Order of Release" [Doc. 83] is **DENIED**.

It is **ORDERED** that any relief which might have been requested in the document [Doc. 95] entitled,. "United States Amended Motion to Revoke Order of Release [doc. 83] and Response to Defendant's Motion to Vacate Stay [Doc. 88] is **DENIED.**

THUS DONE AND SIGNED this _____ day of December 2016, Lafayette, Louisiana.

_____
JUDGE REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT