U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 0 3 2017

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 15-CR-00113 |
|---|---|
| VERSUS | JUDGE DOHERTY |
| CAREY WARDELL REED | MAGISTRATE JUDGE HANNA |

### RULING

Before the court is a Motion for New Trial [Rec. Doc. 155] filed by defendant Carey Reed. Mr. Reed asserts he was substantially prejudiced and deprived of a fair trial by several enumerated errors by the court. The Government has filed an opposition to the motion [Rec. Doc. 156]. For the following reasons, Mr. Reed's Motion for New Trial [Rec. Doc. 155] is denied.

**A. Procedural History**

On May 28, 2015, Mr. Reed was charged with three counts of interference with commerce by robbery and three counts of either using, carrying, brandishing, or discharging a firearm during and related to a crime of violence. Mr. Reed's trial began on February 6, 2017. During trial, in response to the admission of evidence provided late by the Government, Mr. Reed moved for mistrial. After hearing argument and considering alternatives, this Court denied the motion, but recessed the trial until March 6, 2017, to allow Mr. Reed's counsel to alleviate any prejudice that might have arisen through conduct by counsel for the Government. On March 7, 2017, Mr. Reed was convicted by a jury of all six counts. Mr. Reed filed his motion for new trial on March 16, 2017. Counsel for the Government filed its opposition on March 24, 2017.

**B. Applicable Law**

Federal Rule of Criminal Procedure 33(a) allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires." "A new trial is not required by the interest of justice unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict…[u]ltimately, the decision to grant or deny a motion for new trial based on the weight of the evidence is within the sound discretion of the trial court. United States v. Chapman, No. 15-30538, 2017 WL 958312 (5th Cir. Mar. 10, 2017) (internal quotations and citations omitted). When considering a motion based on the sufficiency of the evidence, rather than newly discovered evidence, "[t]he trial judge may weigh the evidence and assess the credibility of the witnesses in considering the motion." United States v. Arnold, 416 F.3d 349, 360 (5th Cir. 2005) (internal citations omitted).

### C. Discussion

#### 1. Denial of Motions for Acquittal

Mr. Reed first asserts the court erred in denying Mr. Reed's motions for acquittal pursuant to Fed.R.Crim.P. 29, made at the close of the Government's case and the conclusion of trial. Rule 29(a) provides that a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction." The Fifth Circuit has stated that when considering a motion for acquittal, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Mix, 791 F.3d 603, 612 (5th Cir. 2015) (citing United States v. Valle, 538 F.3d 341, 344 (5th Cir.2008)) (emphasis in original, internal quotations omitted).

2

The evidence offered at trial included, among other things: eye witness testimony by victims of each of the three robberies which Mr. Reed was charged with having conducted; surveillance videos, with accompanying audio, of the three robberies which Mr. Reed was alleged to have committed; clothing allegedly recovered from Mr. Reed's truck and from his places of abode allegedly matching the clothing observable in the videos of the robberies; a gun, recovered from Mr. Reed's truck, alleged to be a ballistic match to a casing recovered from the scene of one of the robberies; testimony by family, friends, a former supervisor, and a former romantic partner of Mr. Reed's; testimony by multiple law enforcement officials; bodycam footage; police logs and records related to the investigation of the robberies; and several pieces of time-stamped data recovered from a smartphone belonging to Mr. Reed. Viewing this evidence in the light most favorable to the prosecution, this Court finds a rational trier of fact could have found the essential elements of each crime beyond a reasonable doubt, and therefore the evidence presented at trial was not insufficient to sustain a conviction as to each of the six counts with which Mr. Reed was charged. Therefore, the Court finds the interests of justice do not require a new trial on the basis of this claim.

### 2. Verdict Contrary to the Weight of the Evidence

Mr. Reed next asserts the jury's verdict is contrary to the weight of the evidence and not supported by substantial evidence. As noted above, when considering a motion for new trial based on the weight of the evidence, "[a] new trial is not required by the interest of justice unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict," and "the decision to grant or deny a motion for new trial based on the weight of the evidence is within the sound discretion of the trial court. United States v. Chapman, No. 15-30538, 2017 WL 958312 (5th Cir. Mar. 10, 2017) (internal quotations and citations omitted). "The trial judge may weigh

3

the evidence and assess the credibility of the witnesses in considering the motion." United States v. Arnold, 416 F.3d 349, 360 (5th Cir. 2005) (internal citations omitted).

Above, the Court provided a general catalogue of some of the evidence offered by the Government to prove the charges against Mr. Reed. Mr. Reed, for his part, offered primarily evidence supporting a defense of alibi for one of the nights in question, evidence meant to undermine the timestamp of the bodycam footage offered by the Government, and evidence of Mr. Reed's reputation and/or character. This Court does not find the weight of the evidence preponderates against the verdict such that the interests of justice mandate a new trial.

### 3. Records of Internet Search of Forgery

Next, Mr. Reed asserts the court erred in striking Mr. Reed's argument that the Government struck "a low blow" by placing into evidence cell phone records suggesting Mr. Reed performed an internet search for "how to forge a high school transcript," and further erred in allowing the admission of that internet search because its probative value was minimal when weighed against the prejudice to Mr. Reed.

As reflected in the trial transcripts, the Government sought to introduce evidence that Mr. Reed had performed an internet search for "how to forge a high school transcript" from his cell phone shortly prior to his interaction with the police on September 30, 2014. This evidence was admitted, over Mr. Reed's objection, as it was proffered both in response to Mr. Reed's own submission of evidence of his reputation, and as part of the Government's attempt to establish the timeline of Mr. Reed's possession of the cell phone. In his closing argument, Mr. Reed's attorney, Mr. Lester Gauthier, characterized the proffer of the search as a "low blow," to which counsel for the Government objected. This Court sustained the objection, asking the jury to disregard whether

or not the introduction constituted a "low blow."[1] This Court does not find Mr. Reed was sufficiently prejudiced – by either the introduction of the evidence or the Court's strike of his characterization of it as a low blow – that the interests of justice require a new trial on either count.

### 4. Mistrial

Finally, Mr. Reed asserts the court erred in failing to grant a mistrial after having articulated the reasons and justification for granting a mistrial but subsequently reconsidering the motion, which deprived Mr. Reed of his ability to file a double jeopardy motion. Federal Rule of Criminal Procedure 26.3 provides that "[b]efore ordering a mistrial, the court must give each defendant and the government an opportunity to comment on the propriety of the order, to state whether that party consents or objects, and to suggest alternatives." The power of a court to order mistrial "ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." United States v. Conlan, 786 F.3d 380, 392 (5th Cir. 2015).

Upon hearing Mr. Reed's motion for mistrial – made on the basis of the erroneous late admission of evidence which arguably might have rendered the defendant unable to sufficiently present a defense – this Court ordered a hearing on the motion, and instructed counsel for both parties to submit additional argument. After the hearing, the Court granted the motion for mistrial. Counsel for the Government made a motion to reconsider the grant of mistrial, and counsel's argument in support of the motion to reconsider suggested to the Court that counsel had intended to make arguments against mistrial, and to suggest alternatives to mistrial, which the Court had not understood counsel to be making. These alternatives included mistrial only as to some counts, rather than as to all counts, and a recess to give Mr. Reed a chance to respond sufficiently to the erroneously admitted evidence.

---

[1] Trial Transcript, March 30, 2017.

The Court granted the motion to reconsider, considered the alternatives that counsel for the Government had intended to present in its opposition to the motion for mistrial, and – taking seriously the obligation to only order mistrial "with the greatest caution, under urgent circumstances, and for very plain and obvious causes" – ultimately denied the defendant's motion for mistrial. Instead of mistrial, however, this Court chose to recess the trial for three weeks, finding that a recess (1) was a less severe remedy than mistrial, and (2) would fully cure the prejudice caused by the erroneous admission. This Court is required to provide counsel an opportunity to suggest alternatives to mistrial, and should only order mistrial under urgent circumstances and with the greatest caution. That caution required this Court to reconsider the grant of mistrial in light of additional alternatives counsel for the Government had intended to make, and the Court ultimately decided, in its discretion, those alternatives were preferable to mistrial. Consequently, this Court does not find its reconsideration of its grant of Mr. Reed's motion for mistrial, and ultimate denial of that motion upon reconsideration, sufficiently prejudiced Mr. Reed such that the interests of justice require a new trial.

The Court additionally does not find persuasive Mr. Reed's suggestion that he is entitled to mistrial due to the fact that denial of his motion for mistrial deprived him of his ability to file a motion for double jeopardy, which, if granted, would have terminated his prosecution. When a mistrial is declared at the request of a defendant, jeopardy continues and retrial is generally allowed, because in such circumstances the defendant consents to a disposition that contemplates reprosecution. Evans v. Michigan, 133 S. Ct. 1069, 1079, 185 L. Ed. 2d 124 (2013). "Retrial of a case following a motion for mistrial by the defense is allowed…unless government conduct that was intended to goad the defense into moving for a mistrial prompted the defense's motion." United States v. Buck, 847 F.3d 267, 272 (5th Cir. 2017) (citing Oregon v. Kennedy, 456 U.S.

6

667, 676, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982))(internal quotations omitted). Mistrial in Mr. Reed's case was initially declared on Mr. Reed's own motion, and Mr. Reed has not asserted –at trial, in his motion for mistrial, or in his motion for new trial – that counsel for the Government acted in a way intended to goad him into moving for mistrial. Consequently, had the grant of mistrial been upheld, the Government would likely have been allowed to retry this case. Therefore, the Court does not find that Mr. Reed was sufficiently prejudiced by his inability to move for double jeopardy that the interests of justice require a new trial.

### D. Conclusion

Mr. Reed has moved this Court for a new trial. This Court may only grant a new trial when the interest of justice so requires, which obtains when denying the motion would allow a miscarriage of justice to stand, or when the weight of evidence preponderates against the verdict. Mr. Reed alleges that he is entitled to a new trial because (1) the Court denied his motions for acquittal; (2) the jury's verdict was contrary to the weight of the evidence and not supported by substantial evidence; (3) the Court allowed the admission of evidence suggesting Mr. Reed performed a particular internet search, and struck Mr. Reed's counsel's contention that it was a "low blow" to offer that evidence; and (4) the Court denied Mr. Reed's motion for mistrial, which might have deprived Mr. Reed of his ability to move for double jeopardy prior to retrial. Considering the arguments, law, and facts described above, this Court does not find that any of these contentions show that denying the motion would allow or create a miscarriage of justice, that the weight of the evidence preponderates against the verdict, or that the interest of justice requires the grant of a new trial.

IT IS HEREBY ORDERED defendant Carey Reed's Motion for New Trial [Rec. Doc. 155] is DENIED.

7

THUS DONE AND SIGNED in Lafayette, Louisiana, this __3__ day of April, 2017.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

8