UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:15-CR-00113-01** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **CAREY WARDELL REED (01)** | **MAGISTRATE JUDGE DAVID J. AYO** |

### REPORT AND RECOMMENDATION

Before the Court is a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY on Form AO 243 (Rec. Doc. 218) and a handwritten motion captioned as CONSTITUTIONAL CHALLENGE TO PRE-FIRST STEP ACT OF 2018 FEDERAL CRIMINAL STATUTE, 18 USC SECTION 924 (Rec. Doc. 225) filed *pro se* by defendant Carey Wardell Reed. The government filed a response to the motions (Rec. Doc. 232), and Reed filed a reply (Rec. Doc. 259). The matters, which have been referred to the undersigned Magistrate Judge for review, report, and recommendation, are now ripe for review.

   I.   Background

As summarized by the Fifth Circuit in this case, Reed "robbed three Opelousas businesses. While doing so, he also fired his gun." Rec. Doc. 217 at 3. On May 18, 2015, a federal grand jury returned a six-count indictment against Reed. Counts One, Three, and Five charged him with Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951(a) on May 2, 2014, May 10, 2014, and September 22, 2014, respectively. Rec. Doc. 1. Counts Two, Four and Six charged him with Using,

Carrying, Brandishing and Discharging a Firearm During a Violent Crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii) on the same dates. *Id.* Reed filed a motion to suppress, which was denied. Rec. Docs. 23, 47, 48. He also filed a motion to dismiss Counts Two, Four and Six of the indictment, which was also denied, as the Court found that contrary to his argument, the Hobbs Act robberies could serve as predicate crimes of violence under 18 U.S.C. § 924(c)(3)(A). Rec. Docs. 42, 50, 51.

The Office of the Federal Public Defender represented Reed until Lester Gauthier was appointed on October 14, 2015. Rec. Doc. 69. On March 7, 2017, after eight days of trial, the jury convicted Reed on all counts. Rec. Doc. 151. During the trial, after the government had presented its case, Reed made an oral motion for mistrial, which was granted. However, after the government filed a motion for reconsideration, the motion for mistrial was denied. Rec. Docs. 125, 127.

On August 10, 2017, Reed was sentenced to one day of imprisonment as to Counts One, Three, and Five to run concurrently, 300 months of imprisonment as to Count Two, 84 months of imprisonment as to Count Four, and 300 months of imprisonment as to Count Six. The terms of imprisonment as to Counts Two, Four and Six are to run consecutively, for a total term of imprisonment of 57 years and one day. The Court also imposed a three-year term of supervised release. He was ordered to make restitution in the amount of $3,098.77. Rec. Docs. 167, 169, 182.

After sentencing, Gauthier filed a motion to withdraw, which was granted. Rec. Docs. 171, 173. Christopher Aberle was appointed to represent Reed on appeal. Rec. Doc. 176. On appeal, Reed raised one issue—the denial of the motion for mistrial—

and on April 16, 2019, the Fifth Circuit affirmed Reed's conviction. Rec. Doc. 217. After the decision was issued, the Fifth Circuit permitted Aberle to withdraw. Rec. Doc. 216.

On September 18, 2019, Reed filed a motion to reduce sentence under the First Step Act 2018, but the motion was recaptured as a Section 2255 motion. Rec. Docs. 218, 223. In that motion, he raised the following issues: (1) his sentence under Section 924(c) should be corrected pursuant to the First Step Act; (2) his appellate attorney was ineffective for not filing a supplemental brief requesting consideration of the First Step Act; and (3) the version of Section 924(c) under which he was sentenced was unconstitutionally vague and violates the Due Process Clause of the Fifth Amendment. On January 28, 2021, Reed filed a motion styled as "Constitutional Challenge to Pre-First Step Act of 2018 Federal Criminal Statute, 18 U.S.C. § 924(c)," pursuant to which he again argues that the version of Section 924(c) under which he was sentenced was unconstitutionally vague and violates the Due Process Clause of the Fifth Amendment. (Rec. Doc. 225).

II.     Law and Analysis

     a.   28 U.S.C. §2255

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)). Relief under Section 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been

raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). "[A] collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally because collateral review is fundamentally different from and may not replace a direct appeal. *Shaid*, 937 F.2d at 231 (5th Cir. 1991).

If claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted and can only be considered in a Section 2255 proceeding if a movant can show cause for his failure to raise his claims on appeal and actual prejudice resulting from the alleged errors. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) ("[A] defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such error."); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) ("When raising issues of jurisdictional or constitutional magnitude for the first time on collateral review, a defendant ordinarily must show both cause for his procedural default and actual prejudice resulting from the error."). Even if a defendant cannot establish cause or prejudice, procedurally defaulted claims can be considered for the first time in a Section 2255 proceeding if the movant can show that he is actually innocent. *Bousley v. United*

*States,* 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause' or actual "prejudice' . . . or that he is 'actually innocent.'").

Reed has not shown why the claims raised in the instant motion were not raised on appeal. Therefore, the claims are procedurally defaulted and can only be considered if he can show cause for his failure to raise his claims on appeal and actual prejudice resulting from the alleged errors or that he is actually innocent. He has not shown prejudice, nor has he established actual innocence.

Reed does assert that "cause" was due to his attorney. Attorney error may constitute "cause" for a procedural default; however, the defendant must show that counsel's actions or inactions amounted to ineffective assistance of counsel. *Cotton v. Cockrell*, 343 F.3d 746, 754-55 (5th Cir. 2003) (citing *Murray v. Carrier*, 477 U.S. 478 (1986)). Thus, "attorney error short of ineffective assistance of counsel" in the constitutional sense "does not constitute cause for a procedural default." *Murray*, 477 U.S. at 492. Ineffective assistance adequate to establish "cause" for the procedural default of a constitutional claim must be proven in accordance with the principles set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cotton v. Cockrell*, 343 F.3d at 754-55. As discussed below, Reed has not established that his counsel was ineffective as required under *Strickland* and, thus, has not overcome the procedural bar.

### b. First Step Act

The First Step Act of 2018 was signed into law on December 21, 2018, and introduced "criminal justice reforms" including Section 403 of the Act amending 18 U.S.C. § 924(c)(1)(C)(i), the provision imposing a 25-year minimum sentence "for repeat firearms offenders." The purpose of the amendment was to "reduce the severity of 'stacked' charges." *United States v. Gomez*, 960 F.3d 173, 177 (5th Cir. 2020). Before the amendment, the 25-year minimum was triggered by "any second or subsequent conviction under this subsection." After the amendment, the 25-year minimum is triggered only by a repeat "violation …that occurs after a prior conviction under this subsection has become final." The Fifth Circuit in *Gomez* explained, "In other words, the 25-year repeat-offender minimum no longer applies where a defendant is charged simultaneously with multiple § 924(c)(1) offenses. Now, to trigger the 25-year minimum, the defendant must have been convicted of a § 924(c)(1) offense in a prior, separate prosecution." 960 F.3d at 176-77.

Reed raises two claims regarding his convictions under Section 924(c). First, in his Section 2255 motion, he argues that his sentence under Section 924(c) should be corrected pursuant to the First Step Act. In both the Section 2255 motion and the "Constitutional Challenge to Pre-First Step Act of 2018 Federal Criminal Statute, 18 U.S.C. § 924(c)," he argues that the version of Section 924(c) under which he was sentenced was unconstitutionally vague and violates the Due Process Clause of the Fifth Amendment. However, in his reply to the government's opposition to his motions, Reed "acknowledges, absent the Government[']s consent…this court has no

6

authority to vacate any of Reed's convictions." Rec. Doc. 259 at 5. He clarifies that he is asking that this Court "issue an order…requesting the United States Attorney for the Western District of Louisiana to 'carefully consider exercising his/her discretion to agree to an order vacating two of Reed's three section 924(c) convictions,' so as to avoid the mandatory 25-year minimum term on the second and third convictions that is now contrary to the present provisions of the statute, i.e., 924(c) as amended by the First Step Act." *Id*. at 6 (cleaned up). Reed bases this argument on jurisprudence from the Eastern District of New York in which the court applauded a post-conviction, post-appeal, discretionary decision by the United States Attorney's Office, at the judge's request, to drop two of three stacked Section 924(c) counts based on mitigating factors, including the contemporary views of victims and defendant's progress while incarcerated. *United States v. Holloway*, 68 F. Supp. 3d 310, 314-15 (E.D.N.Y. 2014).

*Holloway* is inapposite. The government in this matter has not moved to drop any count of the conviction; conversely, it opposes Reed's requests. Rec. Doc. 232. Moreover, the Court, having reviewed the record, has not asked and will not ask the government to drop any counts of conviction. Accordingly, Reed is not entitled to relief on these claims.

### c. Ineffective Assistance of Appellate Counsel

Finally, Reed alleges that his appellate counsel was ineffective for failing to "amend his appeal to include the argument that his case should be remanded back for resentencing in light of the First Step Act." Doc. 218, p. 16. Ineffective assistance

7

claims may be brought for the first time in a collateral proceeding under Section 2255 regardless of whether the defendant raised the issue earlier. *Massaro v. United States*, 538 U.S. 500, 509 (2003).

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). Under *Strickland*, a defendant must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial or of a dependable verdict. 466 U.S. at 687.  A defendant must satisfy both prongs of the *Strickland* test in order to prevail, and the court need not approach the inquiry in the same order or address both components should the defendant fail to satisfy one.  *Id.* at 697.

The first prong does not require perfect assistance by counsel; rather, a defendant must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* at 687–88.  In this review, courts "must make 'every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689).  Accordingly, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Under the second prong, the court looks to any prejudice suffered as a result of counsel's deficient performance. This prong is satisfied if the defendant can show "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt" and that the errors were sufficiently serious to deprive the defendant of a fair trial with a reliable verdict. *United States v. Mullins*, 315 F.3d 449, 456 (5th Cir. 2002) (quoting *Strickland*, 466 U.S. at 694–95). Under *Strickland*, the court may also consider the cumulative prejudice from counsel's errors. *See Richards v. Quarterman*, 566 F.3d 553, 564 (5th Cir. 2009) (addressing each issue of deficient performance found by the district court before considering whether the petitioner was cumulatively prejudiced thereby); *see also Dodson v. Stephens*, 611 Fed. App'x 168, 178 (5th Cir. 2015) (assuming without deciding that *Strickland* calls for a cumulative prejudice analysis).

Reed concedes that the First Step Act would not have been applicable to him when his appeal was pending. Therefore, his counsel was not ineffective for failing to file a supplemental brief. Furthermore, failure to challenge the constitutionality of Section 924(c) as it read at the time Reed was sentenced would have been fruitless. Accordingly, Reed's counsel was not ineffective.

### III. Conclusion

For the foregoing reasons, based on the record and the relevant jurisprudence,

**IT IS RECOMMENDED** that the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Rec. Doc. 218) and CONSTITUTIONAL CHALLENGE TO PRE-FIRST STEP ACT OF 2018 FEDERAL CRIMINAL

STATUTE, 18 USC SECTION 924 (Rec. Doc. 225) filed by defendant Carey Wardell Reed be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A

courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE in Chambers on this 11th day of January, 2024.

_____
David J. Ayo
United States Magistrate Judge